UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DAVID H. THOMAS,

                    Plaintiff,

v.                                           Case No.  5:05-cv-496-Oc-10GRJ

JO ANNE B. BARNHART, Commissioner of
Social Security,

                    Defendant.
_____/

## ORDER

Plaintiff appeals to this Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for a period of disability and disability insurance benefits.  (Doc. 1.)  The Commissioner has answered (Doc. 11) and both parties have filed briefs outlining their respective positions.  (Docs. 18 & 19.)  For the reasons discussed below, the Commissioner's decision is due to be **AFFIRMED.**

## I. PROCEDURAL HISTORY

On May 31, 2002, Plaintiff filed an application for Supplemental Security Income and for a period of disability and disability insurance benefits claiming a disability onset date of October 18, 1998. (R. 110.)  Plaintiff's application was denied initially (R. 69-70), and upon reconsideration. (R. 72-73.)  Thereafter, Plaintiff timely pursued his administrative remedies available before the Commissioner, and requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ conducted Plaintiff's administrative hearing on February 15, 2005 (R. 20-58) and issued a decision unfavorable to Plaintiff on July 5, 2005. (R.11-19.)  The Appeals Council denied

Plaintiff's request for review on October 13, 2005 (R. 5-7.)  On December 9, 2005,

Plaintiff filed the instant appeal to this Court. (Doc. 1.)

## II. STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial

evidence.[1] Substantial evidence is more than a scintilla, i.e., the evidence must do

more than merely create a suspicion of the existence of a fact, and must include such

relevant evidence as a reasonable person would accept as adequate to support the

conclusion.[2]

Where the Commissioner's decision is supported by substantial evidence, the

district court will affirm, even if the reviewer would have reached a contrary result as

finder of fact, and even if the reviewer finds that the evidence preponderates against the

Commissioner's decision.[3] The district court must view the evidence as a whole, taking

into account evidence favorable as well as unfavorable to the decision.[4] However, the

district court will reverse the Commissioner's decision on plenary review if the decision

applies incorrect law, or if the decision fails to provide the district court with sufficient

---

[1] See 42 U.S.C. § 405(g).

[2] Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)); *accord,* Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

[3] Edwards, 937 F.2d at 584 n.3; Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).

[4] Foote, 67 F.3d at 1560; *accord,* Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (holding that the court must scrutinize the entire record to determine reasonableness of factual findings); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (finding that the court also must consider evidence detracting from evidence on which the Commissioner relied).

reasoning to determine that the Commissioner properly applied the law.[5]   The law

defines disability as the inability to do any substantial gainful activity by reason of any

medically determinable physical or mental impairment that can be expected to result in

death, or has lasted or can be expected to last for a continuous period of not less than

twelve months.[6]  The impairment must be severe, making Plaintiff unable to do her

previous work, or any other substantial gainful activity which exists in the national

economy.[7]

　　The ALJ must follow five steps in evaluating a claim of disability.[8]  First, if a

claimant is working at a substantial gainful activity, she is not disabled.[9] Second, if a

claimant does not have any impairment or combination of impairments which

significantly limit her physical or mental ability to do basic work activities, then she does

not have a severe impairment and is not disabled.[10] Third, if a claimant's impairments

meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is

disabled.[11] Fourth, if a claimant's impairments do not prevent her from doing past

relevant work, she is not disabled.[12] Fifth, if a claimant's impairments (considering her

---

[5] Keeton v. Dep't Health and Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994).

[6] 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.

[7] 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

[8] 20 C.F.R. §§ 404.1520, 416.920. The claimant has the burden of proving the existence of a disability as defined by the Social Security Act. Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991).

[9] 20 C.F.R. § 404.1520(b).

[10] 20 C.F.R. § 404.1520(c).

[11] 20 C.F.R. § 404.1520(d).

[12] 20 C.F.R. § 404.1520(e).

RFC, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.[13]

The burden of proof regarding the plaintiff's inability to perform past relevant work initially lies with the plaintiff.[14] The burden then temporarily shifts to the Commissioner to demonstrate that "other work" which the claimant can perform currently exists in the national economy.[15] The Commissioner may satisfy this burden by pointing to the grids for a conclusive determination that a claimant is disabled or not disabled.[16]

However, the ALJ should not exclusively rely on the grids when the claimant has a non-exertional impairment which significantly limits his or her basic work skills or when the claimant cannot perform a full range of employment at the appropriate level of exertion.[17] In a situation where both exertional and non-exertional impairments are found, the ALJ is obligated to make specific findings as to whether they preclude a wide range of employment.[18]

---

[13] 20 C.F.R. § 404.1520(f).

[14] Walker v. Bowen, 826 F.2d 996, 1002 (11th Cir. 1987). See also Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001).

[15] Doughty at 1278 n.2 ("In practice, the burden temporarily shifts at step five to the Commissioner. The Commissioner must produce evidence that there is other work available in significant numbers in the national economy that the claimant has the capacity to perform. In order to be considered disabled, the claimant must then prove that he is unable to perform the jobs that the Commissioner lists. The temporary shifting of the burden to the Commissioner was initiated by the courts, and is not specifically provided for in the statutes or regulations.") (internal citations omitted).

[16] Walker at 1002 ("[T]he grids may come into play once the burden has shifted to the Commissioner to show that the claimant can perform other work.")

[17] Phillips v. Barnhart, 357 F. 3d 1232, 1243 (11th Cir. 2004); Wolfe v. Chater, 86 F.3d 1072, 1077 (11th Cir. 1996); Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999); Walker at 1003 ("the grids may be used only when each variable on the appropriate grid accurately describes the claimant's situation").

[18] Walker at 1003.

The ALJ may use the grids as a framework to evaluate vocational factors so long as he introduces independent evidence of the existence of jobs in the national economy that the claimant can perform.[19] Such independent evidence may be introduced by a vocational expert's testimony, but this is not the exclusive means of introducing such evidence.[20] Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he or she is not capable of performing the "other work" as set forth by the Commissioner.[21]

## III. SUMMARY OF THE EVIDENCE

Plaintiff was born on October 25, 1955 and was forty-nine (49) years old at the time of the hearing. (R. 24.) Plaintiff completed the eleventh grade in high school, has a GED, and one year of Community College. (R. 25.) Plaintiff has past relevant work as a manager of a Pizza Hut, a telephone sales representative, and a certified behavioral analyst. (R. 29, 116.) Plaintiff contends that he has been unable to work since October 18, 1998, due to a "spinal injury, arthritis, chronic depression, obsessive compulsive behavior disorder, personality disorder, drug/alcohol addict." (R. 115.)

After reviewing the record, including Plaintiff's testimony and the medical records from several health care providers, the ALJ determined that the medical evidence discloses that Plaintiff suffers from drug and alcohol abuse, depression, degenerative disc disease and arthritis.  (R. 18.) The ALJ determined that these impairments are "severe" within the meaning of the Regulations, but not severe enough to meet or

[19] Wolfe at 1077-78.

[20] See id.

[21] See Doughty at 1278 n.2.

medically equal, either singly, or in combination to one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (R. 19.)

Plaintiff was diagnosed with mild degenerative disc disease at L5-S1 and C5-6 on June 21, 2000. (R. 234.) A prison assessment performed on October 19, 2000 revealed dysthymia, with a history of suicidal gestures, and polysubstance abuse. (R. 217-220.) On November 20, 2000, Plaintiff was diagnosed with degenerative disc disease and bilateral radiculitis and it was noted that his range of motion was mildly restricted. (R. 216.)  On January 5, 2001, Plaintiff was diagnosed with mild degenerative disc disease at l5-S1 and a moderate central disc protrusion at L1-L2. (R. 212-213.) On April 16, 2002, Plaintiff received an epidural steroid injection. (R. 191.)

On July 11, 2002, Plaintiff was diagnosed with moderate depression, alcohol dependence, and cannabis dependence. (R. 151-152.) On October 8, 2002, Plaintiff underwent a psychological evaluation referred by the probation office. The examination showed depression with a possible bipolar disorder. Treatment was recommended, but Plaintiff had no mental limitations, and exhibited a good memory, concentration, and good social skills. (R. 262-265.)

Plaintiff underwent a consultative physical evaluation on December 9, 2002, which revealed a history of degenerative joint disease. Plaintiff had a full range of motion and full strength and no mental impairments were noted. (R. 266-269.)

At the hearing, Plaintiff testified that he could only sit or stand for twenty minutes at a time and could lift only up to 10 pounds. Plaintiff testified he cannot bend or squat and cannot lift or reach overhead.  The ALJ found this testimony to be disproportionate to the medical record and not fully credible. (R. 16.)  The ALJ stated that the record

"clearly shows that the claimant has no mental or physical limitations arising from his impairments," and "consistently has a full range of motion, full strength, and good memory, concentration, and social skills." (R. 16.)

In reaching this determination, the ALJ considered the opinions of the state agency medical consultants who limited Plaintiff to medium work activity and light work activity, with moderate limitations in social functioning and maintaining concentration, persistence, or pace, and mild limitations in social functioning and concentration, persistence, or pace.

The ALJ found that Plaintiff retains the RFC to perform a wide range of sedentary work activity, with occasional climbing, balancing, stooping, kneeling, crouching and crawling, and occasional pushing and pulling, avoiding concentrated exposure to hazards, machinery, and heights, and limited to simple repetitive tasks, able to understand, remember, and carry out simple instructions, and limited to minimal interaction with the public.  The ALJ stated this assessment "gives the claimant the extreme benefit of the doubt." (R. 17.)

The vocational expert testified that Plaintiff is unable to perform any of his past relevant work, but testified that jobs do exist in significant numbers in the national economy that Plaintiff can perform, consistent with his RFC, age, education and work experience.  Based upon the testimony of the vocational expert, the ALJ concluded that considering Plaintiff's age, educational background, work experience, and RFC, that Plaintiff is capable of making a successful adjustment to work that exists in significant numbers in the national economy and therefore the Plaintiff is not disabled which is  a finding that is also consistent within the framework of Medical-Vocational Rule 202.21.

## IV. **DISCUSSION**

Plaintiff's sole argument is that "substantial evidence does not support the ALJ's finding that Thomas' alcohol and drug use is material to his disability." Plaintiff argues that the main issue in the case is whether Plaintiff would be disabled without consideration of alcohol or drug use. It is evident from a review of the record and a review of the ALJ's decision that Plaintiff has misconstrued the ALJ's finding and has misunderstood how the Commissioner evaluates claims involving drug and alcohol abuse.

The Commissioner's regulations state that only *after* a Plaintiff is found disabled must the ALJ determine whether drug and alcohol use were a material factor in the finding of disability.[22]  Plaintiff's view of how drug and alcohol addiction is addressed in Social Security cases misinterprets the role of alcohol and drug use on a claimant's disability. The ALJ is required to evaluate the impact of drug and alcohol use on a claimant's disability to determine whether the alcohol and drug abuse are a contributing factor to the finding of disability.[23] If the ALJ finds that drug and alcohol abuse is a contributing to the finding that the claimant is disabled, the claimant is then required to avail himself of treatment and if he fails to comply with treatment programs any benefits awarded can be suspended.[24] Simply put, the ALJ is only required to segregate the effect of drug and alcohol abuse if a claimant is found disabled. Accordingly, the entire premise of Plaintiff's argument is without merit.

---

[22] 20 C.F.R. § 404.1535, 416.935.

[23] *See,* 20 C.F.R. § 416.935(b).

[24] 20 C.F.R. § 416.936.

Moreover, a review of the ALJ's decision discloses that the ALJ did not - as Plaintiff argues - find that Plaintiff's alcoholism and drug abuse were material to Plaintiff's disability. To the contrary the ALJ expressly found that the Plaintiff was not disabled.

Because the Plaintiff does not raise any other issue nor does the Plaintiff point to any other error committed by the ALJ, the Court finds that there was no error by the ALJ with regard to the ALJ's treatment of Plaintiff's past alcohol and drug use on Plaintiff's current ability to work.

## V. <u>CONCLUSION</u>

In view of the foregoing, it is hereby **ORDERED** that the decision of the Commissioner is **AFFIRMED**. The Clerk is directed to enter judgment accordingly and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on January 25, 2007.

GARY R. JONES
United States Magistrate Judge

Copies to:
    All Counsel